BISNAR | CHASE
ONE NEWPORT PLACE
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Phone: (949) 752-2999
Facsimile: (949) 752-2777
BRIAN D. CHASE, STATE BAR NO. 164109
H. GAVIN LONG STATE BAR NO. 204034

Attorneys for Plaintiff ROSEMBERG PAVON

FILED
Superior Court of California
County of Los Angeles
OCT 13 2016
Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

ROSEMBERG PAVON,

Plaintiff,

vs.

BAYERISCHE MOTOREN WERKE AG (BMW); BMW OF NORTH AMERICA, LLC; CONTINENTAL AG; CONTINENTAL AUTOMOTIVE SYSTEMS, INC.; CONTI TEMIC MICROELECTRONIC GmbH; ROBERT BOSCH GmbH (BOSCH); ROBERT BOSCH LLC; ZF-TRW AUTOMOTIVE, INC.; ZF FRIEDERICHSHAFEN AG; TRW OCCUPANT RESTRAINT SYSTEMS GmbH; AUTOLIV ASP, INC.; AUTOLIV SAFETY TECHNOLOGY, INC.; AUTOLIV GmbH; DOE CALIFORNIA AUTO DEALER1; DOE CALIFORNIA AUTO DEALER 2; DOE CALIFORNIA REPAIR FACILITY; and DOES 1 to 100, inclusive,

Defendants.

**CASE NO.** BC 637234

*Assigned for All Purposes to:*
**Judge**
**Department**

**COMPLAINT FOR DAMAGES FOR BODILY INJURY AND PUNITIVE DAMAGES:**

**1. Strict Product Liability**
**2. Negligent Product Liability**
**3. Negligence**

**AND DEMAND FOR JURY TRIAL**

Filed Date:

CIT/CASE: BC637234
LEA/DEF#:
RECEIPT #: CCH465980047
DATE PAID: 10/13/16 10:53 AM
PAYMENT: $1,000.00
RECEIVED: 310
CHECK: $1,000.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

CIT/CASE: BC637234
LEA/DEF#:
RECEIPT #: CCH465980046
DATE PAID: 10/13/16 10:52 AM
PAYMENT: $435.00
RECEIVED: 310
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

10/13/2016

COMES NOW, Plaintiff ROSEMBERG PAVON, to allege causes of action against Defendants as follows:

/////

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. On July 6, 2015, at approximately 2:00 p.m., on Anaheim Street in the city of Wilmington, County of Los Angeles, State of California, plaintiff ROSEMBERG PAVON was driving a 1999 BMW 328i, vehicle identification no. WBAAM5336XKG05716, California license plate no. 5MYW878 (hereinafter referred to as the "SUBJECT VEHICLE"). Plaintiff had brought the SUBJECT VEHICLE to a stop at an intersection. When the light for his direction of travel turned green, he proceeded forward from his stop. Suddenly, without known provocation or incident other than the acceleration to move the SUBJECT VEHICLE forward, the side air bags in the SUBJECT VEHICLE deployed, causing Plaintiff the injuries which are the subject matter of this action. This series of events ending with the inadvertent deployment of the side air bags and Plaintiff's injuries is hereinafter referred to as the "SUBJECT INCIDENT".

2. Plaintiff ROSEMBERG PAVON is, and at all relevant times was, a resident of the City of Long Beach, County of Los Angeles, and State of California.

3. At all times relevant, Defendant BAYERISCHE MOTOREN WERKE AG (hereinafter referred to as "BMW") was and is a foreign limited liability company, with its principal place of business in Bavaria, Germany. At all times relevant, BMW was conducting business with the intent for the international distribution and sale of its products, including the SUBJECT VEHICLE, into the United States and the State of California.

4. Defendant BMW OF NORTH AMERICA, LLC is a limited liability company business entity of unknown nature, organized and existing under the laws of the State of Delaware, with its primary place of business in the State of New Jersey, and, at all times relevant, was present in and was qualified to and was doing business in the State of California.

5. Plaintiff has information and belief and, based thereon, alleges that Defendant CONTINENTAL AG is a corporation organized and existing under the laws of Germany, and, at all times relevant, was conducting business with the intent for the international distribution and sale of its products, including one or more of the component parts and systems which it designed, tested, manufactured, and sold for intended inclusion in the SUBJECT VEHICLE,

10/13/2016

with the understanding and intention that its products would be distributed into the United States and the State of California.

6. Plaintiff has information and belief and, based thereon, alleges that Defendant CONTINENTAL AUTOMOTIVE SYSTEMS, INC. is a corporation organized and existing under the laws of the State of Delaware, and with its principal place of business in the State of South Carolina. At all times relevant, Defendant was present in and was qualified to and was doing business in the State of California.

7. Plaintiff has information and belief and, based thereon, alleges that Defendant CONTI TEMIC MICROELECTRONIC GmbH is a private limited liability company organized and existing under the laws of Germany, and, at all times relevant, was conducting business with the intent for the international distribution and sale of its products, including one or more of the side airbag control modules, central and satellite sensors, component hardware and software, and other component parts and systems which it designed, tested, manufactured, and sold for intended inclusion in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California.

8. At all times relevant, Defendant ROBERT BOSCH GmbH (hereinafter referred to as "BOSCH") was and is a foreign private limited liability company, with its principal place of business in Germany. At all times relevant, Defendant was conducting business with the intent for the international distribution and sale of its products, including one or more of the component parts or systems, including hardware, sensors, control modules and other component systems and parts designed and intended for inclusion in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California to the United States and the State of California.

9. Defendant ROBERT BOSCH LLC is a limited liability company organized and existing under the laws of the under the laws of the State of Delaware, and with its principal place of business in the State of Illinois. At all times relevant, Defendant was and, at all times relevant, was present in and was qualified to and was doing business in the State of California.

10/13/2016

10. Plaintiff has information and belief and, based thereon, alleges that Defendant ZF FRIEDERICHSHAFEN AG is a corporation organized and existing under the laws of Germany, and, at all times relevant, was conducting business with the intent for the international distribution and sale of its products, including one or more of the component systems and parts specifically designed and intended for inclusion in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California into the United States and the State of California.

11. Plaintiff has information and belief and, based thereon, alleges that Defendant ZF-TRW AUTOMOTIVE, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan. At all times relevant, Defendant was present in, qualified, and doing business in the State of California, including the pursuit of its business of the international distribution and sale of the products which it designed, manufactured, sold, and distributed, including one or more of the component systems and parts included in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California into the United States and the State of California.

12. Plaintiff has information and belief and, based thereon, alleges that Defendant TRW OCCUPANT RESTRAINT SYSTEMS GmbH is a private limited liability company organized and existing under the laws of Germany, and, at all times relevant, was conducting business with the intent of the international distribution and sale of the products which it designed, manufactured, sold, and distributed, including the Head Protection System and other component systems and parts designed for and intended for inclusion in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California.

13. Defendant AUTOLIV ASP, INC. is a business entity of unknown nature, organized and existing under the laws of the State of Indiana with its principal place of business in Utah. At all times relevant, Defendant was present in and was qualified to and was doing business in the State of California.

10/13/2016

14. Plaintiff has information and belief and, based thereon, alleges that Defendant AUTOLIV SAFETY TECHNOLOGY, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Michigan. At all times relevant, Defendant was present in, and was qualified to and was doing business in the State of California.

15. Plaintiff has information and belief and, based thereon, alleges that Defendant AUTOLIV GmbH is a private limited liability company organized and existing under the laws of Germany, and, at all times relevant, Defendant was acting in pursuit of its business of the international distribution and sale of the products which it designed, manufactured, sold, and distributed, including one or more of the component systems and parts included in the SUBJECT VEHICLE, with the understanding and intention that its products would be distributed into the United States and the State of California into the United States and the State of California.

16. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOE CALIFORNIA AUTO DEALER 1, DOE CALIFORNIA AUTO DEALER 2, DOE CALIFORNIA REPAIR FACILITY, and DOES 1 to 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when that information is ascertained. Plaintiff is informed and believes and, based on that information and belief, alleges that each such fictitiously named Defendant is legally responsible in some manner for the occurrences alleged herein, and that the damages suffered as a result of the injuries suffered by Plaintiff were proximately caused by each such Defendant's actions.

17. Plaintiff is informed and believes and, based on this information and belief, alleges that Defendants, and each of them, were the agents, servants and employees of their Co-Defendants, and in doing the things herein alleged were acting within the course, scope, purpose, and authority of such agency and employment with the full knowledge, permission and consent of each of their co-Defendants.

18. At all relevant times, each DOE Defendant was, and is, engaged in the business

10/13/2016

of manufacturing, fabricating, designing, compounding, assembling, distributing, selling, inspecting, servicing, repairing, merchandising, marketing, warranting, selling, retailing, and advertising the SUBJECT VEHICLE, including but not limited to the entire SUBJECT VEHICLE and its component parts and systems.

19. At the time and place of the SUBJECT INCIDENT, the SUBJECT VEHICLE was in a dangerous and defective condition because of a defect caused by the design, manufacture, testing, engineering, assembly, inspection, distribution, sale, repair, renovation, or other work regarding or with the SUBJECT VEHICLE by the Defendants, and each of them.

20. As a legal result of the SUBJECT INCIDENT, the dangerous and defective nature of the SUBJECT PRODUCT, and/or the conduct of the Defendants, and each of them, Plaintiff was injured in his health, strength, and activities, and sustained serious personal injury, and as a legal result of those injuries, incurred the expense of medical, nursing, and other treatment and care for those injuries and conditions, has lost past wages and the ability to earn from employment both past and future, and has suffered other economic and special damages in an amount which exceeds the minimum jurisdictional amount of this court, according to proof at trial.

21. As a legal result of the SUBJECT INCIDENT, the dangerous and defective nature of the SUBJECT PRODUCT, and/or the conduct of the Defendants, and each of them, Plaintiff was injured in his health, strength, and activities, and sustained injury to his body and shock and injury to his nerves and nervous system, all of which have caused and continue to cause him great mental, physical and emotional pain and suffering, disfigurement, permanent partial and total disability, physical impairment, loss of enjoyment of life, and other general damages. Plaintiff is informed and believes, and thereupon alleges, that his injuries will result in permanent injury and disability all to his general "non-economic" damage in an amount not presently ascertained, but in excess of the minimum jurisdictional amount of the "unlimited jurisdiction" division of this court.

/////

/////

10/13/2016

**FIRST CAUSE OF ACTION**

**(Strict Products Liability against Defendants BAYERISCHE MOTOREN WERKE AG; BMW OF NORTH AMERICA, LLC; CONTINENTAL AG; CONTINENTAL AUTOMOTIVE SYSTEMS, INC.; CONTI TEMIC MICROELECTRONIC GmbH; ROBERT BOSCH GmbH; ROBERT BOSCH LLC; ZF-TRW AUTOMOTIVE, INC.; ZF FRIEDERICHSHAFEN AG; TRW OCCUPANT RESTRAINT SYSTEMS GmbH; AUTOLIV ASP, INC.; AUTOLIV SAFETY TECHNOLOGY, INC.; AUTOLIV GmbH; DOE CALIFORNIA AUTO DEALER 1; and DOES 1 to 50, inclusive)**

22. Plaintiffs re-allege and incorporate by reference each of paragraphs 1 through 21 above, as though fully set forth herein.

23. Defendants, and each of them, and each of them, designed, tested, engineered, manufactured, assembled, distributed, advertised, marketed, and/or sold the SUBJECT VEHICLE.

24. Defendants, and each of them, knew that the SUBJECT VEHICLE was to be purchased and used without inspection for defects by the users of that vehicle, including but not limited to the DECEDENT.

25. The SUBJECT VEHICLE and all its component parts and/or aftermarket parts and/or installation guides mentioned were manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, modified, aftermarket modified, adjusted, selected, and used with inherent vices and defects both in design and manufacturing and by failure to warn (hereinafter the "SUBJECT DEFECTS"), which made it dangerous, hazardous and unsafe both for its intended use or for reasonably foreseeable misuses.

26. Defendants, and each of them, designed, tested, assembled, manufactured, supplied, marketed, promoted, sold, distributed, and/or put into the stream of commerce the SUBJECT VEHICLE, and its component systems and parts, in a defective and unreasonably dangerous condition.

27. The manufacture and/or design of the SUBJECT VEHICLE is defective for the

10/13/2016

following reasons which allowed and promoted and caused the side airbag system's inadvertent release and deployment in the SUBJECT VEHICLE, including but not limited to the door-mounted thorax airbags, the Head Protection System, the central electronic safing sensor and diagnostic system, electronic control units, left and right satellite impact sensors, central and distributed software, and associated wiring. This defect included but is not limited to the following:

(1) Inadequate central and satellite sensor design, intercommunication, numbers and locations: Defendants used fewer sensors than necessary, cheap sensors, inadequately designed sensors, and/or sensors designed for other uses, which led to defects that caused or contributed to the state in which the system sensed the condition to deploy the side airbags when that deployment should not have been required or needed. Defendants failed to adequately test the numbers, calibration, and location of sensors in foreseeable crash scenarios, which also resulted in the dangerously defective sensors systems;

(2) A system unduly sensitive to non-crash movements with an insignificant vertical or longitudinal component, which would cause the side airbag and Head Protective System to activate;

(3) Defectively designed sensing and diagnostic module (MRS), which improperly signaled the deployment of the side air bags in the SUBJECT INCIDENT;

(4) Defectively designed deployment software and hardware, including the ignition systems, bag expansion systems, and their component parts; and

(5) Inferior Algorithms: The software sub-routines used to interpret the combination of position, movement, acceleration, deceleration, steering inputs, and impact sensors, were inadequate algorithms and caused the MRS and other control modules to deploy the side air bags at a time and under conditions which were inadvertent or not meeting the design specifications, such as the SUBJECT INCIDENT.

28. Defendants, and each of them, had pre-sale knowledge of these dangerous conditions and failed to warn the Plaintiff, and the owners and operators and other users of any such BMW 328i like the SUBJECT VEHICLE.

10/13/2016

29. Defendants, and each of them, failed to make necessary modifications to the design of the SUBJECT VEHICLE and its component systems and parts after receiving notice that the design of the SUBJECT VEHICLE was defective and unreasonably dangerous.

30. Defendants, and each of them, failed to adequately warn and instruct the Plaintiff and other users of the SUBJECT VEHICLE and similar vehicles regarding the hazards, risks, and dangers of the SUBJECT VEHICLE at any time before the SUBJECT INCIDENT.

31. Defendants, and each of them, failed to adequately and fully recall and repair any and all vehicles with the aforementioned air-bag system that would inadvertently deploy.

32. The SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides were unsafe for their intended use and reasonably foreseeable misuses by reason of defects in its design and/or manufacturing and/or failure to warn by Defendants, and each of them, in that when said SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides were used by Plaintiff at the time of the SUBJECT INCIDENT, as intended or in a reasonable foreseeable manner, said SUBJECT VEHICLE, during reasonably foreseeable driving maneuvers, was dangerous in failing to provide adequate protection to any driver of the vehicle, unprotected by a properly functioning seat-belt restraint system and a properly functioning airbag.

33. Defendants, and each of them, misrepresented the purported safety of the SUBJECT VEHICLE when they knew or reasonably should have known of the SUBJECT DEFECTS, with the intent to induce consumers to buy and use the SUBJECT VEHICLE.

/////

/////

10/13/2016

**SECOND CAUSE OF ACTION**

**(Negligent Products Liability against Defendants BAYERISCHE MOTOREN WERKE AG; BMW OF NORTH AMERICA, LLC; CONTINENTAL AG; CONTINENTAL AUTOMOTIVE SYSTEMS, INC.; CONTI TEMIC MICROELECTRONIC GmbH; ROBERT BOSCH GmbH; ROBERT BOSCH LLC; ZF-TRW AUTOMOTIVE, INC.; ZF FRIEDERICHSHAFEN AG; TRW OCCUPANT RESTRAINT SYSTEMS GmbH; AUTOLIV ASP, INC.; AUTOLIV SAFETY TECHNOLOGY, INC.; AUTOLIV GmbH; DOE CALIFORNIA AUTO DEALER1; and DOES 1 to 50, inclusive)**

34. Plaintiffs incorporate, repeats, and re-allege each and every allegation in paragraphs 1 through 21 above and incorporate the same by reference as though set forth herein.

35. At all times mentioned, Defendants, and each of them, had a duty to properly manufacture, design, assemble, package, test, fabricate, analyze, inspect, merchandise, market, distribute, label, advertise, promote, sell, provide adequate warnings about, supply, lease, rent, warn, select, inspect, and repair the SUBJECT VEHICLE and each of its component parts and/or aftermarket parts and/or installation guides.

36. At all times mentioned, Defendants, and each of them knew or, in exercising reasonable care, should have known that the SUBJECT VEHICLE was not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, or sold, and that it provided inadequate warnings and/or no warnings for the use and purpose for which it was intended because it was likely to injure severely the person(s) who used said vehicle.

37. Defendants, and each of them, negligently and carelessly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, modified, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, serviced, maintained, selected, and provided inadequate warnings for the use and purpose for which the SUBJECT VEHICLE was intended because it was likely to severely injure the person(s) who used said vehicle for the purpose for which it was intended and driven as

10/13/2016

recommended or during a misuse by a member of the public, including the driver of the SUBJECT VEHICLE, reasonably foreseeable by Defendants, and each of them. In particular, said SUBJECT VEHICLE, during a reasonably foreseeable accident sequence, including but not limited to a frontal impact, was dangerous and defective because such frontal impact was likely to cause increased and substantial injuries to the driver, including but not limited to fatal injuries.

38. As a direct and proximate result of the negligence, carelessness, and unlawful conduct of Defendants, and each of them, the defects inherent in the vehicle, including the above-stated SUBJECT DEFECTS, caused Plaintiff's serious bodily injuries, resulting in Plaintiff's special and general damages as set forth above and in a sum over the minimum subject-matter jurisdiction of this Superior Court according to proof at trial.

39. At the time of the design, manufacture, assembly, distribution, and sale of the SUBJECT VEHICLE, Defendants, and each of them, knew or should have known about the likelihood and severity of potential harm from the SUBJECT VEHICLE and the comparatively small burden of taking safety measures to reduce or avoid this harm.

40. The SUBJECT DEFECTS in the SUBJECT VEHICLE were compounded by the failure of Defendants, and each of them, to provide adequate instruction or warning of potential safety hazards created by these defects, including but not limited to any occupant's increased risk of injury during a frontal-impact collision.

41. The SUBJECT VEHICLE was also defective because it did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way, including but not limited to when it was involved in a frontal impact with another motor vehicle.

42. The SUBJECT VEHICLE, because of the SUBJECT DEFECTS, had potential risks known to or knowable by Defendants, and each of them, inclusive, in light of the knowledge generally accepted in the automotive industry at the time of the manufacture, distribution, and sale of the SUBJECT VEHICLE.

43. The potential risks created by the SUBJECT DEFECTS presented a substantial danger when the SUBJECT VEHICLE was used or misused in an intended or reasonably

10/13/2016

foreseeable way, including but not limited to when the vehicle unintentionally comes into contact with an improperly and slowly driven vehicle unlawfully failing to yield the right of way. Ordinary consumers would not have recognized the potential risks created by the SUBJECT DEFECTS. Defendants, and each of them, failed to adequately warn or instruct of the potential risks created by the SUBJECT DEFECTS. The lack of sufficient instructions or warnings was a substantial factor in causing DECEDENT's fatal injuries.

44. As a direct and legal result of the negligence, carelessness, and unlawful conduct of Defendants, and each of them, and the defects inherent in the SUBJECT VEHICLE, these defendants legally caused Plaintiff's serious personal injuries in the SUBJECT INCIDENT, in turn legally resulting in Plaintiff's damages as set forth herein.

**THIRD CAUSE OF ACTION**

**(Negligence in the Compliance with Recall against All Defendants)**

45. Plaintiffs incorporate by reference as though fully set forth herein, paragraphs 1 through 21, inclusive.

46. At several times over the seventeen years since the manufacture, distribution, and sale of the SUBJECT VEHICLE, Defendants, and each of them, were involved in the design, implementation, engineering, manufacturing, inspection, installation, repair, and all other steps necessary to competently comply with the mandated RECALL of the Vehicles which shared the side air bag system that is found in the SUBJECT VEHICLE and the repair and replacement of the SUBJECT DEFECTS so that the vehicles would be safe for the user of the vehicles, including the SUBJECT VEHICLE. Because of that Recall and their knowledge of the SUBJECT DEFECT, Defendants, and each of them, had the duty to perform their part of this process with the standard of care necessary to protect the users of the vehicles.

47. At all times before the date of the SUBJECT INCIDENT, Defendants and each of them negligently, carelessly, recklessly, willfully, wantonly, and tortiously failed, refused, and negligently performed the tasks necessary to design, implement, and perform the repairs necessary to meet the demand of the Recall to negate the effects of the SUBJECT DEFECTS.

48. As a legal result of the negligence of the Defendants, and each of them, and the

10/13/2016

unrepaired and unfixed condition of the known SUBJECT DEFECT in the SUBJECT VEHICLE, the SUBJECT INCIDENT occurred and Plaintiff suffered serious and severe bodily injuries, which have caused and continue to cause Plaintiff's great mental and emotional pain and suffering, loss of enjoyment of life, and other special and general damages as alleged herein.

**ALLEGATIONS IN SUPPORT OF CLAIM FOR**

**EXEMPLARY AND PUNITIVE DAMAGES AGAINST ALL DEFENDANTS**

49. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 through 48, above.

50. Plaintiff is further informed and believes and alleges thereon that Defendants, and each of them, intentionally and/or willfully engaged in conduct which, with respect to the defects described herein, Plaintiff alleges were the legal cause of his losses, damages, injuries and harm, exposed Plaintiff and other users of the SUBJECT VEHICLE to serious potential danger known to the defendants in order to advance the defendants' pecuniary interests and thus acted with a conscious disregard for the safety of the Plaintiff and other users of the SUBJECT VEHICLE, warranting an award of exemplary damages against defendants, pursuant to *Civil Code* § 3294(c)(l), and the rule enunciated in *Ford Motor Co.* v. *Home Ins.*15 *Co.* (1981) 116 Cal. App.3d 374, 381-382, *PPG Industries, Inc. v. Transamerica Ins. Co.*16 (1999) 20 Cal.4th 310, and *Dawes v. Superior Court (Mardian)* (1980) 111 Cal.App.3d 82, 89. The facts supporting the defendants' intentional and/or willful conduct which exposed Plaintiff and other users of the SUBJECT VEHICLE to serious potential danger known to the defendants in order to advance the defendants' pecuniary interests, are on information and belie£, as follows.

51. Defendants manufactured and designed SUBJECT VEHICLE's side air bag systems and parts in a defective and grossly and severely negligent manner. Before the production of most of the Model Year 1999 vehicles, including the SUBJECT VEHICLE, Defendant BAYERISCHE MOTOREN WERKE AG and BMW OF NORTH AMERICA, LLC, and the manufacturers of the component parts and systems of the side air bag system, knew and had notice of the defects in the side air bag system and its component parts that had been incorporated into the design and manufacture of the 3-Series vehicles as a result of pre-

10/13/2016

production testing and driving experience. Despite this knowledge, these defendants proceeding with manufacturing the vehicles including the defective system and components rather than delaying the production of these vehicles so that they could find and implement changes which corrected the defects.

52. Defendants, and each of them, failed to timely notify consumers and regulatory bodies about the existence and extent of the defect. When they did give the statutorily required notification of the defect, and the contribution of that defect to accidents and injuries and the foreseeable heightened risk of accidents and injuries, they did not reveal all that they knew. As a result, an incomplete recall of affected was issued – not covering all of the affected vehicles and not providing for a complete fix of the defect.

53. At the time of the recall, Defendants, and each of them, implemented a repair of the defect which was inadequate, incomplete, and insufficient to correct the effects of the defective system and parts. The proposed repair was approved only because it gave the appearance of having addressed the defects in the side airbag systems, but did not competently and completely remove or correct the defect because Defendants wanted to save themselves money. They chose to increase the risk of injury to users of the 3-Series vehicles, to make enhanced injury probable in case of accidents, rather than spend the money which would have allowed them to implement a full, complete, proper, and competent repair of the defect.

54. Over time, Defendants, and each of them, knew about the ongoing nature of the defect and the inadequacy of the repairs that they had implemented, but they failed to further notify owners and users of the continuing nature of the defect, failed and refused to notify regulatory bodies about these defects, and failed to adequately, competently, completely, and correctly find and determine the nature of the defect, to correct the defect, or to find a solution that would reduce or minimize the dangerous effect of the defect.

55. Defendants, and each of them, in the design of the system, found that there were errors and defects in their design of the system or in the implementation of the system. Despite their knowledge and notice of the defects, and despite their knowledge that they were creating an enhanced risk of injury to the owners and occupants of the 3-Series vehicles, Defendants

10/13/2016

decided to and did incorporate this known defective system with known defective component parts and software into the relevant 3-Series vehicles, did not inform owners of the cars about the existence of these defects, did not make an impartial disclosure of the defects to the public, the United States federal government,, or any other regulatory body, despite their duty to make such a full and impartial disclosure.

56. The actions of defendants, as described above, were thus undertaken with a willful and conscious disregard for the rights and safety of consumers and users of defendants' vehicles, including the SUBJECT VEHICLE, in order to advance the pecuniary gains of the defendants and each of them, and were despicable because such aforesaid conduct would and does injure and kill people, including but not limited to Plaintiff, during the course of the SUBJECT INCIDENT.

57. Plaintiff further alleges that the conduct of the defendants was undertaken with the result that the SUBJECT VEHICLE's ultimate unrepaired and un-acknowledged defects in its design and production were fully intended by the defendants to reside therein. Plaintiff is informed and believes that the decisions made by the defendants and each of them to design and manufacture the SUBJECT VEHICLE with its defective side airbag restraint system components and installation, all in the defective and dangerous manner as alleged herein, were made by corporate management of the defendants and each of them, by the product of corporate policy, in that such major and strategic design and manufacturing decisions, by virtue of the corporate structure of the defendants and each of them, could be made only at the level of corporate management, as the product of corporate policy, given the substantial capitalization requirements and risks associated with such high level design and manufacturing decisions, across an entire vehicle platform line for the SUBJECT VEHICLE, such that they were and are the product of the entire corporate management and corporate policy of the defendants with respect to the conscious, willful and disregard of public safety for defendants' pecuniary gain regarding the design, manufacture, production, marketing and sale of the SUBJECT VEHICLE.

58. As a result of this conduct, Defendants, and each of them, created a product which unreasonably and dangerously increased the risk of injury, such that they made the risk of injury

10/13/2016

to users of the SUBJECT VEHICLE, and others, as probable. As a result, this conduct meets the definition of "despicable conduct" which exposes Defendants, and each of them, to punishment through the imposition of punitive damages.

59. As a direct and proximate result of the aforementioned conduct of defendants, an award of exemplary and punitive damages against Defendants, and each of them is proper and appropriate to punish said defendants and to deter such conduct in the future.

WHEREFORE, Plaintiff prays judgment against defendants and each of them, as follows:

1. For special and economic damages, including medical expenses and loss of past and future earnings and earning capacity, according to proof at trial;

2. For general damages, including damages for emotional distress and suffering;

3. For prejudgment interest, as determined by and accrued according to applicable statutes;

4. For exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants;

5. For costs of suit incurred; and

/////

/////

10/13/2016

6. For any other and further relief the Court deems just and proper.

DATED: October 11, 2016

BISNAR|CHASE

By:______________________

BRIAN D CHASE, Esq.
H. GAVIN LONG, Esq.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 11, 2016

BISNAR | CHASE

By:______________________

BRIAN D CHASE, Esq.
H. GAVIN LONG, Esq.
Attorneys for Plaintiff

10/13/2016

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brian D. Chase, Esq. (SBN 164109)
H. Gavin Long, Esq. (SBN 204034)
BISNAR|CHASE
1301 Dove St., Suite 120
Newport Beach, CA 92660
TELEPHONE NO.: 949/752-2999 FAX NO.: 949/752-2777
ATTORNEY FOR (Name): Rosemberg Pavon

FOR COURT USE ONLY

FILED
Superior Court of California
County of Los Angeles
OCT 13 2016
Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3117
BRANCH NAME: Central District

CASE NAME: Pavon v. BMW, et al.

## CIVIL CASE COVER SHEET

x Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
Counter | Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC637234
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- Auto (22)
- Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
- x Product liability (24)
- Medical malpractice (45)
- Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- Business tort/unfair business practice (07)
- Civil rights (08)
- Defamation (13)
- Fraud (16)
- Intellectual property (19)
- Professional negligence (25)
- Other non-PI/PD/WD tort (35)

**Employment**
- Wrongful termination (36)
- Other employment (15)

**Contract**
- Breach of contract/warranty (06)
- Rule 3.740 collections (09)
- Other collections (09)
- Insurance coverage (18)
- Other contract (37)

**Real Property**
- Eminent domain/Inverse condemnation (14)
- Wrongful eviction (33)
- Other real property (26)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38)

**Judicial Review**
- Asset forfeiture (05)
- Petition re: arbitration award (11)
- Writ of mandate (02)
- Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- Antitrust/Trade regulation (03)
- Construction defect (10)
- Mass tort (40)
- Securities litigation (28)
- Environmental/Toxic tort (30)
- Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- RICO (27)
- Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- Partnership and corporate governance (21)
- Other petition *(not specified above)* (43)

2. This case x is | is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. x Large number of separately represented parties
   b. Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. Substantial amount of documentary evidence
   d. Large number of witnesses
   e. Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. x monetary b. nonmonetary; declaratory or injunctive relief c. punitive
4. Number of causes of action *(specify)*: Three
5. This case is x is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2016
H. Gavin Long, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Legal Solutions Plus
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

BC637234

| SHORT TITLE: Pavon v. BMW, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☒ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

3 2016

SHORT TITLE: Pavon v. BMW, et al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet Category No | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

SHORT TITLE: Pavon v. BMW, et al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name/Change of Gender<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

10/13/2016

| SHORT TITLE: Pavon v. BMW, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☒ 11. | | | ADDRESS: Anaheim Street |
|---|---|---|---|
| CITY: Wilmington | STATE: CA | ZIP CODE: 90744 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 10/10/16

(SIGNATURE OF ATTORNEY/FILING PARTY)
H. Gavin Long, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

10/13/2016